NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |  |
|---|---|---|
| DARREN L. PETTY, | : | |
| Plaintiff, | : | |
| | : | Civil No. 17-03682 (RBK/AMD) |
| v. | : | |
| | : | **OPINION** |
| FEDERAL BUREAU OF PRISONS, and | : | |
| KATHLEEN H. SAWYER, DIRECTOR, | : | |
| Defendants. | : | |

**KUGLER**, United States District Judge:

This matter comes before the Court on Defendants Federal Bureau of Prisons ("BOP") and Director Kathleen H. Sawyer's[1] Motion for Partial Summary Judgment (Doc. No. 26). Plaintiff Darren L. Petty, a BOP employee, asserts that after he sought relief from workplace discrimination the BOP retaliated by repeatedly refusing to promote him, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e *et seq*. Defendants contend that Plaintiff has not complied with Title VII's administrative exhaustion requirement, meaning that he cannot bring any claims in this action for not being promoted or selected for other BOP positions (the "non-selection claims"). For the reasons set forth below, Defendant's Motion is **GRANTED IN PART** and **DENIED IN PART**.

I.   **BACKGROUND**

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), BOP Director Kathleen H. Sawyer is automatically substituted for former Acting Director Thomas Kain.

1

**A. Factual Background**

Plaintiff is an employee of the BOP, currently working at Federal Correctional Institution ("FCI") Fort Dix in New Jersey. Doc. No. 1 ("Compl.") at 3. In his Complaint, he appears to allege that the BOP started improperly passing him over for promotion in 2013. *Id*. at 4. Between May 2013 and May 2017, he applied for ninety-three job vacancies at the BOP. Doc. No. 26-3 ("SUMF") at ¶ 33. Of these, he was hired three times, withdrew his application five times, and was found not qualified or ineligible thirty-nine times. *Id*. at ¶ 34. He was found qualified but not among the best qualified ten times and was considered as an exception to merit promotion sixteen times. *Id*. at ¶ 36. He was on the best-qualified list and considered, but not selected, for 101 positions, most of these for promotion to Lieutenant.[2] *Id*. at ¶ 36.

During his employment at the BOP, Plaintiff initiated the Equal Employment Opportunity ("EEO") complaint process four times. *Id*. at ¶ 38. The first instance, Case No. BOP-2015-0024, came while Plaintiff was employed as a Senior Officer Specialist at FCI Estill in Estill, South Carolina. *Id*. at 39, 43. On October 1, 2014, Plaintiff contacted a BOP EEO counselor to make an informal complaint, alleging that he experienced retaliation and discrimination based on his race, color, and sex after reporting wrongdoing at his institution. *Id*. at ¶ 40. The EEO counselor issued Plaintiff a notice of right to sue on October 31, 2014, and Plaintiff filed a formal EEO complaint on November 7, 2014. *Id*. at ¶ 41. The BOP accepted for investigation his claim that "[f]rom July 2014 through November 2014, [he was] subject to harassment in the form of lowered performance evaluations, falsified documents, an Employee Assistance Program (EAP) letter, and written and verbal comments." *Id*. at ¶ 42.

---

[2] While certain BOP job postings are for specific positions, others are for a category of job, such as Lieutenant, allowing the applicant to be considered for multiple positions based on a single application. *Id*. at ¶¶ 8–12.

As the investigation progressed, Plaintiff attempted to amend his EEO complaint several times. *Id.* at ¶¶ 44–52. Of relevance here, in April 2015 Plaintiff attempted to add a claim that he had been passed over for promotion to a position at Federal Detention Center ("FDC") Miami. *Id.* at ¶ 48. In May 2015, the BOP informed Plaintiff that this claim would only be considered as additional evidence in support of his pending claim and thus would neither be added to the complaint as a new claim to the complaint nor investigated. *Id.* at ¶ 49. Plaintiff was able to successfully amend his complaint to include a claim that he was subject to two investigations in retaliation for reporting misconduct. *Id.* at ¶¶ 51–52.

On July 18, 2015, Plaintiff requested a hearing before the United States Equal Opportunity Commission ("EEOC"). *Id.* at ¶57. The BOP sent Plaintiff a copy of the Report of Investigation on July 31, 2015. *Id.* at ¶ 59. On July 30, 2015, Plaintiff sought to amend his complaint with an allegation that his new captain could not "voucher [him] out" to two institutions that called for him, harming his career. *Id.* at ¶ 60. On August 17, 2015, he again attempted to amend his complaint with a claim of non-selection for promotion at FCI Estill. *Id.* at ¶ 61. On September 30, 2015, the BOP informed Plaintiff that these amendment requests could not be included in the investigation because the Report of Investigation had already been completed, and that if he wished to pursue these claims he could contact an EEO counselor. *Id.* at ¶ 65–67.

Plaintiff's claims moved through the initial stages of the EEOC hearing process. *Id.* at ¶¶ 68–74. However, Plaintiff refused to comply with the BOP's interrogatory requests, causing the presiding administrative judge to dismiss the case for failure to prosecute, returning the case to the agency for final decision. *Id.* at ¶¶ 75–79. The case remains pending before the agency. *Id.* at ¶ 80.

Meanwhile, in April 2016 Plaintiff initiated a new EEO proceeding, Case No. BOP-2016-0640. In this case, Plaintiff alleged that the BOP's Office of Internal Affairs ("OIA") had

improperly sustained an allegation against him. *Id*. at 81. Plaintiff's formal EEO complaint alleged that this action was retaliatory and discriminatory on the basis of race, sex, and sexual orientation. *Id*. at ¶ 83. However, in an August 18, 2016 letter, the Director of the EEO staff for the Department of Justice informed Plaintiff that his complaint was dismissed for failure to state a claim because it was an improper collateral attack on an OIA investigation. *Id*. at ¶¶ 84–85.

Plaintiff appealed the dismissal of his EEO complaint to the EEOC, but the EEOC denied his appeal on the grounds that Plaintiff did not suffer an adverse action as a result of the OIA investigation. *Id*. at ¶¶ 87–90. Plaintiff moved for reconsideration, but the EEOC denied his motion. *Id*. at ¶¶ 92–94.

Plaintiff began the EEO process a third time in March 2017, in Case No. BOP-2017-0520. *Id*. at ¶ 95. In his informal counseling session, Plaintiff alleged that an associate warden at FCI Fort Dix discriminated against him on the basis of race, color, sex, and disability, and retaliated against him for protected activity, when she indicated that he had been disciplined during a reference check for a correctional counselor position he had applied for at Metropolitan Detention Center ("MDC") Brooklyn. *Id*. at ¶ 95. The EEO counselor issued Plaintiff a notice of right to file a discrimination complaint, but Plaintiff has not yet filed a formal EEO complaint in this matter. *Id*. at ¶¶ 96–97.

On October 19, 2018, Plaintiff contacted an EEO counselor, initiating Case No. BOP-2019-0214. *Id*. at ¶ 98. In this case, Plaintiff alleges that he has been retaliated against, harassed, and discriminated against by an Office of Inspector General investigation into allegations of sexual assault and sexual harassment made against him by a white female employee at FCI Fort Dix. *Id*. Plaintiff alleges that this investigation has resulted in various non-selections. *Id*. at ¶100. Plaintiff filed a formal EEO complaint in this matter on February 20, 2019. *Id*. at ¶ 102.

### B. Procedural History

Plaintiff commenced this lawsuit on May 23, 2017. Compl. at 1. In his Complaint, Plaintiff alleges that the OIA investigation that he challenged in Case No. BOP-2016-0640 was improper because the investigator used "the incorrect program to sustain the misuse" in retaliation for Plaintiff filing complaints. Compl. at 3. Plaintiff claims that as a result of the improper OIA investigation he has been passed over for promotion "at least 50 times" despite being qualified. *Id*. at 4. Defendants filed their Answer (Doc. No. 17) to the Complaint on June 14, 2018, and the present motion for partial summary judgment on March 8, 2019.

## II. LEGAL STANDARD

The court should grant a motion for summary judgment when the moving party "shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An issue is "material" to the dispute if it could alter the outcome, and a dispute of a material fact is "genuine" if "a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Matsushida Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) ("Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" (quoting *First Nat'l Bank of Arizona v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968))). In deciding whether there is any genuine issue for trial, the court is not to weigh evidence or decide issues of fact. *Anderson*, 477 U.S. at 248. Because fact and credibility determinations are for the jury, the non-moving party's evidence is to be believed and ambiguities construed in his favor. *Id*. at 255; *Matsushida*, 475 U.S. at 587.

Although the movant bears the burden of demonstrating that there is no genuine issue of material fact, the non-movant likewise must present more than mere allegations or denials to

successfully oppose summary judgment. *Anderson*, 477 U.S. at 256. The nonmoving party must at least present probative evidence from which jury might return a verdict in his favor. *Id.* at 257. The movant is entitled to summary judgment where the non-moving party fails to "make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

## III. DISCUSSION

While Plaintiff's Complaint does not specify his cause of action, its reference to retaliation indicates that he is bringing his claim under Title VII. Doc. No. 1 at 3.[3] In any event, Title VII is his only viable cause of action. *See Robinson v. Dalton*, 107 F.3d 1018, 1020–21 (3d Cir. 1997) (noting that Title VII is "the exclusive remedy for federal employees to allege discrimination in the workplace").

Before bringing a Title VII claim in federal court, a government employee must exhaust his administrative remedies by: (1) consulting with an EEO counselor within 45 days of the alleged discriminatory action, 29 C.F.R. § 1614.105(a)(1); and (2) filing an administrative complaint within 15 days of receiving notice of the right to file from the agency, 29 U.S.C. § 1614.106(b). *See also Green v. Postmaster Gen. of the U.S.*, 437 F. App'x 174, 177 (3d Cir. 2011) (finding plaintiff failed to exhaust claims where she filed pre-complaint forms but never a formal complaint). Further, the Plaintiff must file his action in federal court within ninety days of receiving the agency's final decision or ninety days of receiving the final decision of the EEOC following an optional appeal. *See* 29 C.F.R. § 1614.407; *Moore v. Beers*, No. 13-6614, 2017 WL 515004, at *3 (D.N.J. Feb. 8, 2017) (noting that "[t]his mandatory administrative process provides

---

[3] Additionally, when responding to an interrogatory from Defendants asking for the production of documents relating to medical treatment Plaintiff received as a result of the events alleged in the Complaint, Plaintiff wrote "NA, this inclues [sic] title 7 claim in relation to Promotion, and unfair and retalatory [sic] selection." (Doc. No. 26-7 at 4).

6

the affected parties with an opportunity to explore the allegation of unlawful workplace activity and to determine whether the situation can be remedied without judicial intervention"), *aff'd sub nom. by Moore v. Sec'y U.S. Dep't of Homeland Security*, 717 F. App'x 179 (3d Cir. 2017). Because "failure to exhaust administrative remedies is an affirmative defense," Defendants bear the burden of proof. *Williams v. Runyon*, 130 F.3d 568, 573 (3d Cir. 1997).

Plaintiff alleges that he was passed over for "more than 50"[4] BOP jobs due to the OIA investigation. Compl. at 3. Each alleged instance of non-selection is a "discrete act" that is separately actionable under Title VII. *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114–15 (2002) (noting that "[d]iscrete acts such as . . . failure to promote . . . are easy to identify. Each incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable 'unlawful employment practice'"); *see also Miller v. Social Security Admin.*, No. 18-8040, 2019 WL 4233640, at *5 (D.N.J. Sept. 6, 2019) (finding that "lumping multiple, discrete actions together in a single count in a district court complaint . . . does not relieve a plaintiff of the obligation to exhaust each one").

Plainly, any instance of non-selection that Plaintiff failed to bring to the agency's attention during the EEO process was not exhausted, and therefore must dismissed. However, Petty has initiated the EEO process on four occasions. Consequently, the key issue before the Court is if there is a genuine issue of material fact as to whether Plaintiff properly exhausted any of his non-selection claims in any of these EEO proceedings.[5]

---

[4] In his Opposition, Plaintiff asserts that there were "150 times he was not selected" for promotion. (Pl. Brief at 3). At no point does he specify which instances of non-selection he is referring to.

[5] Plaintiff did not file a response to Defendants' Statement of Material Facts Not in Dispute (Doc. No. 26-3) as required under Local Civil Rule 56.1. This failure by itself permits the Court to deem all of the facts listed in Defendants' Rule 56.1 Statement admitted. Given that Plaintiff is proceeding *pro se*, the Court nevertheless went through the entire record for any indication that Plaintiff disputes any of the facts Defendants set forth relating to the exhaustion of his non-selection claims. The Court did not find any such evidence. Consequently, the only issue is whether the undisputed facts relevant to administrative exhaustion entitle Defendants to judgment as a matter of law.

### A. Case No. BOP-2015-0024

In BOP-2015-0024, Plaintiff properly brought a formal EEO complaint alleging that there were false statements in his performance evaluations in retaliation for his filing a complaint against his supervisors. Doc. 26-13 at 11. Although this complaint did not raise any non-selection claims, on two occasions Plaintiff attempted to amend his complaint with allegations that he was being passed over for promotion.

First, on April 23, 2015, Plaintiff attempted to amend his complaint to include a claim that he had not been selected for a position at FDC Miami due to "faulty performance logs and appraisals." Doc. No. 26-13 at 29. On May 18, 2015, the BOP notified Plaintiff that it did not accept this allegation as a separate claim of investigation but did notify Plaintiff that it would consider it as evidence of his pending claims. *Id*. at 31–32. Second, on July 30, 2015, Plaintiff attempted to amend his complaint via email by alleging that his captain could not "voucher [him] out" to "two institutions" that he had applied to. *Id*. at 59. On August 17, 2015, Plaintiff further alleged that he was passed over for a promotion at FCI Estill due to "gender discrimination and retaliation for opposing unlawful conduct." *Id*. at 61. However, on September 30, 2015, the BOP informed Plaintiff that it would not accept either of these attempted amendments because the investigation was already complete. *Id*. at 63–64.

None of Plaintiff's attempts to amend his EEO complaint properly exhausted any non-selection claims. An amendment attempt is only successful for exhaustion purposes if the agency accepts the new claim for investigation. *See, e.g.*, *Redding v. Mattis*, 327 F. Supp. 3d 136, 141 (D.D.C. 2018) (dismissing claims for failure to exhaust where agency denied amendment attempt); *Williams v. Mabus*, No. 13-470, 2014 WL 5305819, at*6 (N.D. Cal. Oct. 16, 2014) (approving denial of amendment request to add claims based on discrete acts under *Morgan*); *Burkes v.*

*Holder*, 953 F. Supp. 2d 167, 174 (D.D.C. 2013) (finding failure to exhaust where agency did not accept attempted amendment and plaintiff did not challenge this determination). With respect to each attempted amendment, the BOP informed Plaintiff that it would not be accepting his new claims for investigation, and Plaintiff took no steps to challenge this decision. Consequently, Plaintiff did not exhaust these claims.[6]

### B. Case No. BOP-2016-0640

In BOP-2016-0640, Plaintiff challenged the pending OIA investigation against him as being both discriminatory and retaliatory. Doc. No. 26-13. Additionally, Plaintiff appeared to raise non-selection claims, alleging in this formal EEO complaint that the investigator "sustained an unwarranted charge intentionally and or negligently attributing [sic] to being passed over for numerous promotions." Doc. No. 26-13 at 75. Despite this clear reference to being passed over for promotion, Defendants assert that the EEO complaint was insufficient to put them on notice of any such claim, resulting in a failure to exhaust. Doc. No. 26-4 ("Def. Brief") at 26.

---

[6] With respect to Plaintiff's claim of non-selection at FDC Miami, the agency did inform him that his allegation would be accepted as a new fact in support of his pending claims. However, having a new claim accepted as a fact in support of pending allegations is insufficient to exhaust the new claim because the agency will not take any steps to investigate it.

Although Plaintiff does not raise the issue, the Court finds it prudent to explain why *Kalinoski v. Gutierrez*, 435 F. Supp. 2d 55 (D.D.C. 2006), does not contradict this conclusion. In *Kalinoski*, the plaintiff attempted to amend her EEO complaint to include a constructive discharge allegation, but the agency only accepted this allegation as evidence in support of her pending claims, rather than as a new claim. *Id*. at 75–76. Nevertheless, the court found that the plaintiff had exhausted the constructive discharge allegation and allowed the plaintiff to pursue it in her district court action. *Id*.

Prior to reaching this conclusion, the court determined that the constructive discharge allegation was not an independent claim. *Id*. at 73–74. Rather, the allegation only affected the extent of plaintiff's recovery on her other claims. *Id*. at 73–74. Because the *Kalinoski* plaintiff's constructive discharge was merely an alleged fact in support of her other claims in the district court action, it was properly exhausted when the agency accepted it as a fact in support of her EEO complaint.

The same is not true here. Plaintiff's alleged non-selection at FDC Miami is clearly a discrete act under *Morgan*, requiring exhaustion as an independent claim. Consequently, *Kalinoski* is inapposite and the general rule applies.

9

Ultimately, "the relevant test in determining whether [plaintiff] was required to exhaust [his] administrative remedies is whether the acts alleged in the subsequent district court complaint are fairly within the scope of the prior [EEO] complaint, or the investigation arising therefrom." *Fleeger v. Principi*, 221 F. App'x 111, 116–17 (3d Cir. 2007) (internal quotation omitted). As it played out, the BOP did not believe Plaintiff was raising any non-selection claims; the agency's August 18, 2015 letter dismissing Plaintiff's EEO complaint as an improper collateral attack on the OIA investigation does not discuss non-selection issues. Doc. No. 26-13 at 77–78.

Of course, the agency's actual course of conduct is not determinative. Rather, the issue is what could "reasonably [have been] expected to grow out of the charge." *Ostapowicz v. Johnson Bronze Co.*, 541 F.2d 394, 399 (3d Cir. 1976). Admittedly, Plaintiff neither raised his non-selection claim during informal EEO counseling, Doc. No. 26-13 at 66–71, nor when he appealed the agency's dismissal of his complaint to the EEOC, Doc. No. 26-11 at 24–26. But when assessing EEO complaints, "the scope of the original charge should be liberally construed." *Hicks v. ABT Assocs., Inc.*, 572 F. 960, 965 (3d Cir. 1978); *see also Brown v. Marsh*, 777 F.2d 8, 13 (D.C. Cir. 1985) (criticizing a "hypertechnical approach to the presentation of EEO complaints" and allowing non-selection claims to go forward despite the absence of a "specific complaint addressed to the particular position").

Since a reasonable person could read plaintiff's EEO complaint and believe that he was bringing non-selection claims, such non-selection claims were within the scope of the EEO

10

investigation, despite the agency's failure to pursue them.[7] Consequently, summary judgment for Defendants is inappropriate.[8]

### C. Case No. BOP-2017-0520 and Case No. BOP-2019-0124

Neither of Plaintiff's most recent EEO proceedings served to exhaust any of the non-selection claims at issue in this lawsuit. In BOP-2017-0520, Petty alleged that a supervisor at FCI Fort Dix had improperly reported discipline based on the OIA investigation during a reference check for a position at MDC Brooklyn. Doc. No. 26-13 at 81–85. Although Plaintiff took this important first step to bringing a claim, he never filed a formal EEO complaint based on this allegation. SUMF at ¶ 97. Filing a formal EEO complaint is necessary for exhaustion. *See Green v. Postmaster General of the U.S.*, 437 F. App'x 174, 177–78 (3d Cir. 2011); *Davis v. Brennan*, No. 15-8402, 2018 WL 6259239, at *3 (D.N.J. Nov. 30, 2018) (dismissing claims where plaintiff properly filed EEO pre-complaint form but did not file a formal EEO complaint). As such, Plaintiff failed to exhaust any non-selection claims based on BOP-2017-0520.

In BOP-2019-0124, Plaintiff went through informal EEO counseling and filed a formal complaint alleging non-selections due to an allegedly improper investigation into allegations of sexual assault and sexual harassment against him. Doc. No. 26-13 at 108–15. However, Plaintiff did not begin EEO counseling on this issue until October 19, 2018, *id.* at 111, nearly eighteen months after commencing this lawsuit and well beyond the statute of limitations for any non-

---

[7] Defendants also contend that summary judgment is appropriate on these claims because Plaintiff did not raise them during the informal EEO counseling process. Def. Brief at 26. However, a complainant may amend their formal EEO complaint "at any time prior to the conclusion of the investigation to include issues or claims like or related to those raised in the complaint," regardless of whether such claims were raised in informal counseling. 29 C.F.R. § 1614.106. Plaintiff's claim that he was being passed over for promotion due to the OIA investigation is clearly related to his challenge to the OIA investigation, and as such this argument fails as well.

[8] Defendants point out that the number of non-selection claims exhausted by BOP-2016-0640 is likely quite small, given Title VII's forty-five-day statute of limitations. Def. Brief at 27. Because neither Defendants nor Plaintiff identify any specific non-selection claims to which the statute of limitations may apply, the Court declines to rule on this issue at present, and instead reserves it for future proceedings.

selections that preceded this action. Further, the investigation of sexual misconduct at issue in BOP-2019-0124 is distinct from the OIA investigation that seems to be the main focus of Plaintiff's Complaint. As such, Plaintiff cannot rely on BOP-2019-0124 to demonstrate exhaustion for purposes of this case.

### D. Proper Defendant

Defendants correctly point out that they are not the proper defendants to this lawsuit. Def. Brief at 5. A federal employee may only bring a Title VII action "against the head of the employing department." *D'Agostino v. Wilson*, No. 19-281, 2019 WL 5168621, at *4 (D.N.J. Oct. 11, 2019) (internal quotation omitted). As Plaintiff is a BOP employee, the only proper defendant in this action is the head of the Department of Justice, Attorney General William Barr. *See Singleton v. Federal Bureau of Prisons*, No. 04-1526, 2006 WL 1329712 at *1 n.1 (E.D.N.Y. May 16, 2006). As such, all claims against the BOP and Director Sawyer are dismissed. However, Plaintiff may file a motion to amend his complaint to name Attorney General Barr as the defendant.

### IV. CONCLUSION

For the forgoing reasons, Defendants' Motion for Partial Summary Judgment is **GRANTED IN PART** and **DENIED IN PART** such that: only non-selection claims properly exhausted in Case No. BOP-2016-0640 may go forward; all other non-selection claims are **DISMISSED WITH PREJUDICE**; and all claims against the BOP and Director Kathleen H. Sawyer are **DISMISSED WITH PREJUDICE**.


Dated: 11/1/2019 /s/ Robert B. Kugler
ROBERT B. KUGLER
United States District Judge